UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A. ABERLE,

    Petitioner,

v.

MAGGIE MILLER-STOUT,

    Respondents.

CASE NO. C09-5753RJB/JRC

REPORT AND RECOMMENDATION

Noted for March 12, 2010

The underlying Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrate Judge's Rule MJR3 and MJR4. Petitioner paid the full filing fee and is not proceeding as a pauper. Petitioner is challenging his 120-month sentence. He entered a plea of guilty to one count of Attempted Robbery in the First Degree. He was sentenced in the Cowlitz County Superior Court.

Petitioner argues that his sentence "exceeded statutory maximum" in violation of the Sixth and Fourteenth Amendments to the United States Constitution (Dkt. # 1). He argues the lower court did not provide a determinate sentence and only stated the total confinement

including prison time and community custody could not exceed 120 months (Dkt. # 1). Petitioner's position is that this is an indeterminate sentence, and that an indeterminate sentence violates the United States Constitution (Dkt. # 1, page 3). He asks this court to remand to the superior court with instructions to sentence to a specific amount of time in custody and a specific amount of time in community custody (Dkt. # 1).

The respondent has answered and argues that the sentence is clear because the total sentence, which is confinement plus community custody, cannot exceed the statutory maximum of 120 months (Dkt. # 9). Accordingly, respondent contends the clearly established federal law as announced by the Supreme Court in Blakely has not been violated and that the petitioner is not entitled to habeas corpus relief in federal court. Blakely v. Washington, 542 U.S. 296 (2004). In the alternative respondent argues that a grant of relief would announce a new rule of law expanding the Blakely holding to encompass community custody as well as actual incarceration. Respondent argues that such a holding would violate the doctrine announced by the Supreme Court in Teague which prohibits retroactive application of a new rule of law. Teague v. Lane, 489 U.S. 288 (1989). Petitioner has filed a traverse which was considered by the court (Dkt. # 12).

## FACTS

The following facts are taken from the answer:

Mr. Aberle is confined pursuant to the lawful judgment and sentence of the Cowlitz County Superior Court. On August 15, 2006, Mr. Aberle pled guilty to Attempted First Degree Robbery and was sentenced by the trial court on August 29, 2006 to a prison term of 120 months, the high end of the standard range of 96.75 to 120 months, as well as a community custody term of 18 to 36 months. Exhibit 1, Judgment and Sentence, State v. Aberle, Cowlitz County Superior Court Cause No. 06-1-00801-1 at 5. Mr. Aberle filed a motion to modify his judgment and sentence to allow for his community custody term to be included in his presumptive sentencing range. See Exhibit 2, Motion to Modify or Correct Judgment and Sentence Pursuant to CrR 7.8, State v. Aberle, Cowlitz County

> Superior Court Cause No. 06-1-00801-1. On July 23, 2007, the trial court entered an order clarifying the judgment and sentence, stating in pertinent part that Mr. Aberle would serve a community custody term of 18 to 36 months or for the period of earned release pursuant to RCW 9.94A.728 (1) and (2), whichever was longer, and that Mr. Aberle "shall serve a combined time of prison and community custody <u>not to exceed 120 months</u>."

(Dkt. # 10, Exhibit 3, Order Clarifying Judgment and Sentence, (emphasis added by respondent)).

## PROCEDURAL HISTORY

Petitioner filed a notice of appeal with the Washington Court of Appeals. He sought review of the order clarifying his judgment and sentence (Dkt. # 10, Exhibit 4). He raised the following issue:

> Does a trial court exceed its authority when it imposes a sentence in excess of the statutory maximum?

(Dkt. # 10 Exhibit 5). Petitioner filed a pro se statement of additional grounds for review in the Washington Court of Appeals raising the following issues:

> 1. That Mr. Aberle's sentence of 120 months confinement in addition to 18 to 36 months of community custody exceeded the statutory maximum sentence allowed by law.
>
> 2. That the Department of Corrections and the State of Washington are causing Mr. Aberle to serve the good time portion of his sentence twice, in violation of double jeopardy under the Fifth Amendment of the United States Constitution.

(Dkt. # 10, Exhibit 6). The Court Commissioner for the Washington Court of Appeals affirmed the order clarifying petitioner's sentence on September 18, 2008. The commissioner held that any ambiguity in the first portion of the sentence was clarified by the last sentence, which stated that the total time, custody and community placement would not exceed 120 months (Dkt. # 10, Exhibit 8). A motion to modify the commissioner's ruling was denied (Dkt. # 10, Exhibit 10). Petitioner filed a motion for review in the Washington State Supreme Court on December 18,

2008, asking the court to reverse Washington Court of Appeals (Dkt. # 10, Exhibit 11). He raised the following ground for relief:

> The decision has denied the appellant remand of his judgment to strike the first sentence of the trial court's ORDER CLARIFYING JUDGMENT AND SENTENCE (henceforth called OC J&S), which was filed on July 23, 2007, in Cowlitz County Superior Court of the State of Washington. This court should authorize remand of the judgment to specifically identify the exact amount of confinement time and community custody to be imposed within the meaning of "determinate sentence."

(Dkt. # 10, Exhibit 11). Review was denied without comment on September 30. 2009 (Dkt. # 10, Exhibit 13). Petitioner raises the following grounds for relief in the federal habeas corpus petition:

> That I am entitled to a specific amount of confinement time and to a specific amount of community custody. An order stating total confinement and community custody cannot exceed 120 months does not provide either of these. The Legislature requires that I do a minimum of 18 months community custody, therefore my confinement time should not exceed 102 months.
>
> If the courts wanted me to do 36 months community custody then my confinement time should be 84 months. According to the Department of Corrections even if I serve my 120 months in total confinement I still owe 18-36 months community custody. FAR "Kite" Attachment "B". And also order clarifying judgment and sentence. It is ambiguous by not stating specifically how much confinement time and by not specifically stating how much community custody. This is a violation of the sentencing reform act and also the United States Constitution VI and XIV Amendments.

(Dkt. # 1, page 6).

## **EVIDENTIARY HEARING NOT REQUIRED**

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing in this court shall not be held unless the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the

facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims are based on legal arguments, not disputed facts. Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, this court concludes that there is no reason to conduct an evidentiary hearing.

## **STANDARD OF REVIEW**

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. Estelle v. McGuire, 502 U.S. 62 (1991); Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984);

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has

the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

Washington State's sentencing scheme has evolved into a complicated morass. The court today considers petitioner's grounds for relief in light of the limited ability to grant relief for violations of federal constitutional rights as determined by the Supreme Court. The court cannot base relief on errors of state law or a state's interpretation of its own law absent a federal constitutional violation. The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. Estelle v. McGuire, 502 U.S. 62 (1991); Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984).

A person sentenced by a judge has a Sixth Amendment Right to have the facts used in sentencing be determined by a jury. The judge cannot use facts that the jury has not found, except prior criminal history, to enhance a sentence beyond the statutory maximum. Blakely v. Washington, 542 U.S. 296 (2004).

When a person pleads guilty they only agree to the facts as set forth in the plea agreement. The judge cannot use other facts, except for prior criminal history, to sentence beyond the statutory maximum. Blakely v. Washington, 542 U.S. 296 (2004).

Here, the sentencing judge did not go beyond the statutory maximum term of ten years for the crime of Attempted First Degree Robbery. Instead, the judge sentenced petitioner to the maximum term. This is a determinate sentence. How much time petitioner will actually serve in custody, and how much, if any, of his sentence will be served on community custody depends on several factors. The trial court recognized this amount of time could not be computed with any certainty and allowed for a range of time for community custody in his sentencing. The judge

REPORT AND
RECOMMENDATION - 6

even took into account that petitioner may earn community custody time in addition to the 36 months maximum in the sentence under RCW 9.94A.728 (2) and allowed for the longer amount of time on community custody (Dkt. # 10, Exhibit 3). The judge made sure the total amount of time served will be 120 months.

The reason the time served on community custody cannot be computed at the start of the sentence is because under Washington Law, certain offenders, like petitioner, have committed offenses which make them ineligible to earn early release. These offenders may earn community custody in lieu of earned early release. See, RCW 9.94A.728 (2). The Department of Corrections is not authorized to credit the earned time or community custody time against the sentence of incarceration until the offender has earned the time. See, RCW 9.94A.728 (1). Further, an offender who has earned community custody in lieu of early release may not be released to community custody unless they have submitted a release plan that has been accepted by the Department of Corrections. See, RCW 9.94A.728 (2) (b), (c) and (d). Additionally, time earned toward community custody may be subsequently lost through the prison disciplinary process.

How much time petitioner will serve in custody or on community placement cannot be determined at the beginning of his sentence. His contention that he is entitled to a sentence setting forth a specific amount of confinement time and a specific amount of community custody time is incorrect. Petitioner is entitled to a sentence that does not exceed the statutory maximum of 120 months for First Degree Attempted Robbery.

The Washington Court of Appeals recognized that plaintiff could not be sentenced beyond the statutory maximum and held that any ambiguity in the sentence was cured by the last line of the order clarifying the sentence which clearly states the total amount of time served in

custody and community custody will not exceed 120 months.  This holding does not violate clearly established federal law as determined by the Supreme Court and in fact follows the holding announced in Blakely.  Blakely v. Washington, 542 U.S. 296 (2004).

Petitioner was not sentenced beyond the statutory maximum and the remainder of petitioner's argument goes to questions of state law and not any federally guaranteed right.  As the sentence does not exceed the maximum allowed by statute, this petition is without merit and should be DENIED.  Having reached this conclusion the court does not consider the alternative argument raised by respondent regarding retroactive application of a new rule of law.

Petitioner relies heavily on a "kite" he sent to prison records officials for the proposition that he may be held beyond his 120 month sentence (Dkt. # 2, Attachment B).  The court has read the information petitioner provided to the records personnel who answered his question.  The court has also considered the response he received.  Petitioner did not inform the records personnel that his sentence was clarified to specifically state the total time of confinement and community custody would not exceed ten years.  Nor did he inform the person that the statutory maximum for his crime is ten years.  Thus, the answer he received may not be accurate because he did not provide all the information needed to answer the question.  Further, petitioner has not reached a point in his sentence where he is entitled to possible release to community custody.  His question to prison records personnel and the answer he received are nothing more than speculation at this point in time.  Petitioner's argument that he may be held beyond 120 months is inchoate and should not be addressed further.

## **CONCLUSION**

This petition is without merit.  This petition should be DENIED.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil procedure, the parties shall have fourteen

REPORT AND
RECOMMENDATION - 8

(14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on March 12, 2010, as noted in the caption.

Dated this 17th day of February, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 9